UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-12594-RGS

GUILLAUME TABIA

v.

TODD LYONS, ICE Field Director; STEVEN SOUZA, Superintendent
Bristol County House of Correction and Jail; ANTONE MONIZ,
Superintendent Plymouth County Correctional Facility; and ROBERT
MCNEICE, ICE Liaison for Plymouth County

MEMORANDUM AND ORDER

February 6, 2020

For the reasons stated below, the Court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, but finds that the complaint fails to state a claim upon which relief may be granted. If plaintiff wishes to proceed with this action, he must file an amended complaint that sets forth a plausible claim upon which relief may be granted.

BACKGROUND

On December 26, 2019, *pro se* litigant Guillaume Tabia ("Tabia") filed a *pro se* complaint against two United States Immigration and Customs Enforcement officials and two county jail superintendents. Complaint ("Compl."), Docket No. 1. He also filed motions for leave to proceed *in forma pauperis* and for appointment of counsel. Docket Nos 2, 8.

Tabia submitted his complaint on the pre-printed form Pro Se 14 (Rev. 12/16) (complaint for violation of civil rights (prisoner)).   Compl., Docket No. 1.  Tabia is confined at the Bristol County House of Correction and Jail as an immigration detainee.   *Id.* at I(A).   The incidents alleged in the complaint arose while Tabia was in custody of the Plymouth County Sheriff's Department.   *Id.* at IV (B).

Jurisdiction is alleged pursuant to 42 U.S.C. § 1983 for the claims against the two superintendents and, for the two federal defendants, pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   *Id.* at II (basis for jurisdiction).

Tabia provides the following timeline for his claims:

(1)   March 27, 2018 to February 2, 2019 (religious discrimination during his detention);
(2)   September 2018 and October 2018 DHS/ICE conspiracy to obstruct justice;
(3)   February 5, 2019 (maliciously handcuffed in retaliation by Lt. Coppenrath); and
(4)   February 15, 2019 (due process violation).

*Id.* at IV (C).

Tabia states that he was "oppress[ed] by Lt. Coppenrath for praying and helping [Tabia's] fellow Christian."   *Id.* at IV (D).  Tabia alleges that he "was maliciously handcuffed by Lt. Coppenrath in retaliation for writing grievances against him."   *Id.*  Tabia alleges that he suffered damaged nerves

and a cut on his right wrist and that a "band aid [was] applied." *Id.* at VI (injuries). Tabia contends that "ICE conspired to prevent [Tabia from] appearing in state's trial court twice." *Id.* at IV (D). He also contends that he "was wrongfully classified [at a] higher level by ICE officials." *Id.*

Tabia alleges that he filed grievances and that he "never received any answers from both facilities." *Id.* at VII(E)(4). Tabia asserts that his rights under the following amendments to the United States Constitution were violated: First Amendment (religious freedom), the Sixth Amendment (conspiracy to obstruct justice); the Eighth Amendment (cruel and unusual punishment); and the Fourteenth Amendment (due process). *Id.* at II(B), II(C).

For relief, Tabia seeks "$100,000,000.00 for money damage and terminate the ICE contract for both facilities (Plymouth and Bristol County Sheriff's Offices)." *Id.* at VI (relief).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Tabia's motion for leave to proceed *in forma pauperis*, the Court concludes that the plaintiff has adequately demonstrated that he is without income or assets to pay the filing fee. Accordingly, the motion is granted.

## MOTIONS FOR APPOINTMENT OF APPELLATE
## COUNSEL AND FOR PRODUCTION OF DOCUMENTS

To the extent Tabia seeks to compel discovery, his request is premature, where the complaint has not even been served.  To the extent Tabia seeks appointment of counsel pursuant to 18 U.S.C. § 3006A, this statute, under the Criminal Justice Act, is not applicable here.  Section 3006A permits the court to appoint counsel for financially eligible criminal defendants (and habeas petitioners) if the interest of justice so requires.  *See* 18 U.S.C. § 3006A(a).

Because Tabia is a civil litigant, proceeding under the *in forma pauperis* statute, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  At this juncture, the court cannot find that appointment of counsel is warranted and declines to appoint counsel.

## PRELIMINARY SCREENING

Because Tabia is proceeding *in forma pauperis*, the complaint is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "In evaluating whether a complaint states a plausible claim, [the court performs a] 'two-step analysis.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding *pro se*. *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the complaint needs to sufficiently identify the alleged misconduct of each defendant so that he has fair notice of the nature of the claim the plaintiff is asserting and the factual grounds upon which it rests. *See Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013).

Here, the factual allegations do not meet the requirements of Rule 8(a)(2). As an initial matter, Tabai has not made any factual allegations to support his conclusion that several of his constitutional rights were violated. To state a plausible claim, either under § 1983 or *Bivens*, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" or has violated the plaintiff's rights as protected under federal law. *Iqbal*, 556 at 676 (2009). This he has not done.

Moreover, Tabia has not identified the alleged misconduct of each individual defendant nor does he specify the role that any of the four named defendants played in the alleged misconduct.   Although the body of the complaint asserts specific allegations concerning Lt. Coppenrath, the complaint does not name Lt. Coppernath as a defendant.   As to the four named defendants, the complaint does not  include any allegations that would support a claim of supervisory liability against any of the defendants. There are no allegations that any of the four named defendants were directly involved in any violation of Tabia's constitutional rights.   It is well settled that a supervisor may not be held liable under 42 U.S.C. § 1983 on the tort theory of *respondeat superior*, nor can a supervisor's section 1983 liability rest solely on his position of authority.   *See Ramírez–Lluveras v. Rivera–Merced*, 759 F.3d 10, 19 (1st Cir.2014); *see also Ruiz Rivera v. Riley*, 209 F.3 24, 28 (1st Cir. 2000) (stating that "respondeat superior is not a viable theory of *Bivens* liability").   Rather, "only persons who were directly involved in the wrongdoing may be held liable."   *Martinez-Velez v. Rey-Hernandez*, 506 F.3d 32, 41 (1st Cir. 2007) (quoting *Kostka v. Hogg*, 560 F.2d 37, 39 (1st Cir. 1977).

In light of the foregoing, this action will be dismissed in 28 days unless Tabia files an amended complaint which cures the pleading deficiencies and sets forth a plausible claim upon which relief may be granted.

Accordingly:

1.　　The motion for leave to proceed *in forma pauperis* (Docket No. 2) is granted.

2.　　The motion for appointment of counsel and production of documents (Docket No. 8) is denied without prejudice.

3.　　The complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).  If Plaintiff wishes to proceed in this matter, he must file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted.  Failure to comply with this directive within twenty-eight (28) days of the date of this Memorandum and Order may result in dismissal of this action.

　　　　　　　　　　SO ORDERED.

　　　　　　　　　　/s/ Richard G. Stearns
　　　　　　　　　　UNITED STATES DISTRICT JUDGE