UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-12594-RGS

GUILLAUME TABIA

v.

TODD LYONS, ICE Field Director; STEVEN SOUZA, Superintendent Bristol County House of Correction; LT. BRUCE DUARTE, Bristol County House of Correction; MIKE AMARAL, Bristol County House of Correction; LT. COPPENRATH, Plymouth County Correctional Facility; ANTONE MONIZ, Superintendent Plymouth County Correctional Facility; ROBERT MCNIECE, ICE Liaison for Plymouth County; SHIVAM SACHDEVA, Correctional Office at Plymouth County Correctional Facility; and RYAN SUAVE, Disciplinary Officer at the Bristol County House of Correction

MEMORANDUM AND ORDER

April 13, 2020

For the reasons stated below, the court (1) allows plaintiff's claims to proceed against defendants Coppenrath, Sachdeva, and McNiece; (2) dismisses the claims against defendants Lyons and Moniz pursuant to 28 U.S.C. § 1915(e)(2); and dismisses without prejudice the claims against Souza, Duarte, Amaral, and Suave as improperly joined.

BACKGROUND

On December 26, 2019, *pro se* litigant Guillaume Tabia ("Tabia") filed a complaint accompanied by motions for leave to proceed *in forma pauperis* and for appointment of counsel. Docket Nos. 1-2, 8.

By Memorandum and Order dated February 6 2020, Tabia was granted leave to proceed *in forma pauperis* and was advised that this action would be dismissed unless Tabia filed an amended complaint curing the pleading deficiencies of the original complaint and setting forth a plausible claim upon which relief may be granted. Docket No. 10. Tabia's motion for appointment of counsel was denied. *Id.*

Tabia was granted an extension of time until March 18, 2020, to file his amended complaint. Docket No. 13, Tabia filed his amended complaint on March 23, 2020. Docket No. 15. In the certificate of service accompanying the amended complaint, Tabia indicates that although he finished typing the pleading on March 17, 2020, he was unable to mail it due to lack of indigent envelopes.[1] *Id.* Tabia also indicated his intention to supplement the amended complaint. *Id.*

On March 27, 2020, Tabia filed a pleading intended to supplement the amended complaint. Docket No. 16. On April 3, 2020, Tabia filed a second supplement. Docket No. 17. Because the second combines the allegations contained in the amended complaint and the first supplement, the court will

---

[1] Tabia's amended complaint was received five days after the March 18, 2020 deadline. It was not timely filed, but in light of Tabia's *pro se* and custody status, the court will excuse the late filing.

construe the second supplement as Tabia's second amended complaint. Docket No. 17.

## DISCUSSION

As a threshold matter, some of the parties and claims in the second amended complaint are improperly joined. Rule 18(a) of the Federal Rules of Civil Procedure provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed. 2009). Rule 18(a) permits multiple claims against a single party, but it does not permit the joinder of unrelated claims against different defendants.

Under Rule 20(a) of the Federal Rules of Civil Procedure, persons may be joined as defendants in a single action if "there is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the

action." Fed. R. Civ. P. 20(a)(2). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Tabia's second amended complaint divides the claims between those arising from Tabia's detention at the Plymouth County Correctional Facility ("PCCF"), see SAC at ¶¶ A; B1; C2; Ground 2 (a), (b), (c); and Ground 3, and those arising from his detention at the Bristol County House of Correction ("BCHOC"), *see* SAC at ¶¶ B2, C1; Ground 2 (d).

Based on the analysis set forth above, Tabia has not met the preconditions outlined in Rules 18(a) and 20(a) for joining the PCCF and BCHOC defendants together in this action. Tabia has not alleged that all of the defendants he has named participated in the same transaction or series of transactions and that a question of fact is common to all of the defendants. The allegations do not create the necessary relationship between his claims to allow them to be asserted in a single lawsuit.

Consequently, severing claims into separate actions is appropriate, *see* Fed. R. Civ. P. 21. The claims against the PCCF defendants shall remain in this action and the court will dismiss the claims against the BCHOC

defendants without prejudice to Tabia pursuing such claims in a separately filed action.

Additionally, the claims against ICE Field Director Todd Lyons and Superintendent Antone Moniz are dismissed pursuant to 28 U.S.C. § 1915(e)(2). Even read generously, there are no factual allegations to establish supervisory liability against either of these defendants.

Finally, to the extent Tabia intends to proceed on behalf of his former cellmate, see Docket No. 17 p. 3 at C(1)(d), Tabia is not alleged to be an attorney and cannot litigate on behalf of another person. See 28 U.S.C. § 1654; *Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).

## ORDER

Accordingly:

1. The Clerk shall enter on the docket as the second amended complaint and operative pleading, Tabia's second supplemental pleading (Docket No. 17).

2. The claims against BCHOC defendants Steven Souza, Lt. Bruce Duarte, Mike Amaral, and Ryan Suave are dismissed without prejudice.

3. The claims against ICE Field Director Todd Lyons and Superintendent Antone Moniz are dismissed pursuant to 28 U.S.C. § 1915(e)(2).

4. The Clerk shall issue summonses for service of Lt. Coppenrath, Shivam Sachdeva, and Robert McNiece and the plaintiff shall serve the summonses, second amended complaint, and this Memorandum and Order in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Because the plaintiff is proceeding in forma pauperis, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If so asked by the plaintiff, the USMS shall serve copies of the summonses, second amended complaint, and this Order upon defendants Coppenrath, Sachdeva and McNiece as directed by plaintiff. The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The Clerk shall provide the plaintiff with forms and instructions for service by the USMS.

6. The plaintiff shall have 90 days from the date of the issuance of

the summonses to complete service.

                SO ORDERED.

                /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE